IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAHER SALEM ALMOSADDER,

    Plaintiff,

v.

KELVIN AND BARBARA GREEN,

    Defendants.

CIVIL ACTION FILE NO.
1:14-CV-01543-TWT-JFK

# FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Barbara Green's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant[s'] notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

AO 72A
(Rev.8/82)

**I.     Background Facts**

Plaintiff Taher Salem Almosadder, apparently the owner of the real property known as 828 Hannah Court, McDonough, Georgia 30252, filed a dispossessory proceeding in the Magistrate Court of Henry County, Georgia, on or about May 5, 2014, against Defendants Green for remaining in the property beyond the term of the lease. [Doc. 1-1 at 14]. On May 21, 2014, Defendants Green filed a notice of removal from the Magistrate Court of Henry County, Georgia. [Doc. 1-1 at 1-13]. And they amended the notice on May 22, 2014. [Doc. 2].

**II.    Discussion**

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal

2

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants Green base their notice of removal on the court's federal question jurisdiction. [Doc. 1-1 at 2-5; Doc. 2 at 2-5]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003). And a defendant may not confer subject matter jurisdiction on the court simply by raising counterclaims under federal law. Matthew v. Country Wide Home Loans, 2007 WL 4373125, at *2 (N.D. Ga. December 11, 2007) (citing Caterpillar, 107 S. Ct. at 2430; Hudson Ins. Co. v. American Electric Corp., 957 F.2d 826, 830 n.4 (11th Cir. 1992)).

3

In the present case, Plaintiff Taher Salem Almosadder relied exclusively on state law when he filed a dispossessory proceeding in the Henry County Magistrate Court. [Doc. 1-1 at 14]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). Defendants allege that removal is proper on the basis of federal question jurisdiction, and in the Petition for Removal, they claim that Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as other federal statutes, and the United States Constitution with the dispossessory proceeding. [Doc. 1-1 at 2-5; Doc. 2 at 2-5]. However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Doc. 1-1 at 14]. And Defendants' federal question arguments do not create federal question jurisdiction where no federal question was raised in the complaint. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

4

Defendants do not appear to contend that the court has diversity jurisdiction. [Doc. 1-1; Doc. 2]. And, to establish federal jurisdiction based on diversity, Defendants would have to show that there is complete diversity of citizenship between Defendants and Plaintiff and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1); and see Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). There is no indication that the residency of the parties is diverse. And the only amount in controversy is any rent, fees, or other costs owed prior to execution of a dispossessory warrant which, based on Plaintiff's complaint, is under $75,000. [Doc. 1-1 at 14]. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate. Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) ("the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original). Accordingly, even if Defendants could establish complete diversity of citizenship, they have not shown that the amount in controversy exceeds the $75,000 required for diversity jurisdiction. For these reasons, the court finds that federal

5

jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

### III.     Conclusion

Accordingly, because Defendants Green have failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Henry County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 27th day of May, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE